# STATE OF FLORIDA v. TUCKER
## Case No. 84-4088 CF
Seventeenth Judicial Circuit, Broward County

October 25, 1984

## APPEARANCES OF COUNSEL

**Michael J. Satz,** State Attorney's Office for plaintiff.
**Charles H. Vaughan** for defendant.

## OPINION OF THE COURT

### SENTENCING ORDER UPON DEPARTURE FROM SENTENCING GUIDELINES

J. LEONARD FLEET, Circuit Judge

The Defendant herein, Allen Wayne Tucker, upon the conclusion of a two week trial upon the merits of a three count indictment charging him with two counts of capital homicide and sexual battery, was found to be guilty of capital homicide, sexual battery and murder in the second degree. The Court imposed a sentence of death by electrocution upon the capital homicide conviction, and consecutive imprisonment terms of 30 years and 99 years respectively upon the sexual battery and second degree murder, the terms of imprisonment to be served concur-

rently to each other but consecutive to the sentence of death by electrocution. The sentence imposed upon the non-capital convictions constitute departures from the recommended sentencing guidelines and require a written explanation thereof.

The testimony at trial revealed that Mr. Tucker came upon the two victims while they were parked, at night, adjacent to a man made lake located upon a section of land in Pompano Beach known as Meekins' Quarry. Mr. Tucker resided upon the land with his father, mother, several siblings and the children of his sister. The evidence offered by the State to establish the guilt of Mr. Tucker demonstrated to the satisfaction of the Court that Mr. Tucker maliciously, wantonly and without pretense of justification or provocation, accosted the victims in the case, Elizabeth Roberts and Jonathan Booth, Jr., and ordered them out of Mr. Booth's truck where they were engaged in sexual intercourse. Upon their exiting the truck, Mr. Tucker became annoyed with Mr. Booth who was vigorously protesting the presence of Mr. Tucker. To stop Mr. Booth from talking, Mr. Tucker, while displaying a loaded .22 Magnum rifle, retrieved from a nearby trash pile a length of rope with which he ordered Ms. Roberts to bind Mr. Booth. Mr. Tucker then located some adhesive tape commonly utilized to seal air conditioning ducts and wrapped it around Mr. Booth's mouth and head. Once Mr. Booth was bound and gagged, Ms. Roberts was forced to assist Mr. Booth back into the cab of the truck from which they had originally exited.

Ms. Roberts was then forced by Mr. Tucker to reenter the truck cab from the driver's side and then, for reasons not clear to the defendant or the Court, he ordered Ms. Roberts out of the truck whereupon she was then raped by Mr. Tucker in the dirt alongside the truck. After the sexual battery of Ms. Roberts, she was ordered back into the cab of the truck and required to write for Mr. Tucker the names and addresses of herself and Mr. Booth. Mr. Tucker, all during this time, was armed and was overtly displaying his firearm.

While Mr. Tucker was in the process of comitting the sexual battery upon Ms. Roberts, whom he had gagged with her own brassiere, Mr. Booth was engaged in an ultimately successful, but fatal, effort to free himself from his bonds. As Ms. Roberts was seated in the middle of the truck cab writing out the addresses of herself and Mr. Booth, Mr. Booth reached for a weapon in the truck cab, a movement that caught the attention of Mr. Tucker. Seeing the movement of Mr. Booth, Mr. Tucker, who was standing upon the ground beside the driver's side of the truck cab, fired several shots in rapid succession into the truck cab. Ms. Roberts was struck in the knee and back and Mr. Booth was

48

struck in the chest area. The shooting victims fell out of the truck cab to the ground by the passenger's side. Mr. Tucker then walked around the truck and fired once more, this time into the back of Ms. Roberts in a location Mr. Tucker deemed to be behind her heart. The bodies of the two victims were found the next day, lying in the dirt next to Mr. Booth's truck where Mr. Tucker had left them.

At the trial of this cause, Mr. Tucker asserted that he had fired his rifle in "self defense" when he saw that Mr. Booth was reaching for a firearm. Mr. Tucker freely admitted the binding of Mr. Booth and the gagging of the both of them, the sole reason being his desire to stop the victims from complaining of the treatment he was according them. Notwithstanding the confession of guilt given to the law enforcement officers at the time of his arrest, and not withstanding the overwhelming physical evidence against him, Mr. Tucker, at trial, testified that he did not have sexual intercourse with Ms. Roberts; the jury didn't believe him and neither does this Court.

The cruelty of the treatment of Mr. Booth and Ms. Roberts is underscored when one reflects upon that which they had to observe just prior to their death. Mr. Booth was forced into a position wherein he was helpless to prevent his fiancee from being raped in the dirt of Meekins' Quarry. Ms. Roberts was forced to bind her fiance into helplessness, knowing that the two of them were nude and at the mercy of a stranger with a firearm. Her worst fears were realized when she was dragged from the truck cab and forced to lie in the dirt while the defendant forced his way into the most private recesses of her body. Not content with the humiliation he had already forced upon his victims, Mr. Tucker then stood beside the truck cab, apparently gloating at his handiwork and reveling in his new found power over people, while Ms. Roberts sat upon the truck seat, the body fluids of Mr. Tucker draining from her vaginal vault, and wrote down the name and address of herself and Mr. Booth. In this final act, before the imposition of the death penalty upon two people who asked nothing more than to be left alone, Mr. Tucker stripped them of the last shred of dignity—the dignity of anonymity.

The Court is satisfied that Mr. Tucker testified falsely during the course of the hearing on his Motion to Suppress his confession as well as during the course of his trial testimony. His actions towards the victims in this case, even before he shot them, demonstrate that he is capable of extremely cruel treatment whenever he is challenged or threatened by another. He acted without conscience or remorse in his treatment of Ms. Roberts and Mr. Booth and the Court is of the opinion that, given the opportunity, he would act in a similar fashion

**49**

in the future. The hope for rehabilitation of Mr. Tucker is slim in the absence of intensive, long term psychiatric treatment, a luxury that he cannot afford and which is not available in our free society as we know it today. The long term of incarceration of Mr. Tucker is the only protection that the people of the State of Florida have against the likes of Mr. Tucker.

In sum, then, this Court is satisfied that the evidence is more than clear and convincing to establish that the sentencing guidelines should not be applied to this case. The acts engaged in by Mr. Tucker to carry out the crimes were cruel, despicable and revolting as well as fatal. Mr. Tucker twice testified falsely in his efforts to avoid punishment for his acts and by so doing he forfeited the right to the mercy for which the sentencing guidelines were enacted.

The Court DOES NOT retain jurisdiction of any sentence imposed herein.

The foregoing considered, it is

ORDERED and ADJUDGED that Allen Wayne Tucker, upon his conviction for the crime of Murder in the Second Degree in reference to Jonathan Booth, Jr., be confined to the Florida Department of Corrections for 99 years, such term of incarceration to be consecutive to the death penalty imposed by separate order in these proceedings.

It is further ORDERED and ADJUDGED that Allen Wayne Tucker, upon his conviction for the crime of Sexual Battery While Armed, committed upon Elizabeth Roberts, be confined in the Florida Department of Corrections for a period of 30 years, such sentence to be served concurrently with the sentence imposed above for second degree murder, but consecutive to the death penalty.

It is further ORDERED and ADJUDGED, that the Defendant herein shall be incarcerated for a minimum mandatory period of three years, concurrent, in each of the sentences herein imposed.